UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CR83-DJS |
| ) | |
| SHAUN CARUTHERS LEWIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the government's motion for disclosure and discovery of sentencing information. The government, citing various authorities, seeks an order compelling defendant to disclose any and all information or evidence that defendant may offer at the sentencing hearing. First, the government cites Fed.R.Crim.P. 32(h), which requires that "the court must give the parties reasonable notice" prior to departing from the applicable guideline range on a ground not previously identified for departure. Rule 32(h) does not require any disclosure by defendant.

Next, the government cites various provisions of Rule 32(i). Rule 32(i)(1)(B) requires that the trial court provide the defendant and the government with a summary of "any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable

opportunity to comment on that information." Rule 32(i)(1)(C) provides that the trial court must "allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Rule 32(i)(2) provides that portions of Rule 26.2 governing witness statements apply "[i]f a witness testifies at sentencing." The rule does not require any disclosure prior to a witness's testimony. Finally, Rule 32(i)(4)(A)(iii) provides that at the sentencing the government be allowed "an opportunity to speak equivalent to that of the defendant's attorney." None of the cited provisions of Rule 32(i) or Rule 26.2 require any disclosure by the defendant prior to the sentencing hearing.

Finally, the government cites Rule 57(b) for the proposition that a trial court possesses the inherent authority to require disclosure by the defendant. While the Court may well possess such authority, the Court is not persuaded to exercise its authority in the manner requested by the government.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion for disclosure and discovery of sentencing information [Doc. #22] is denied.

Dated this   13th   day of May, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE